IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENAN, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| PESCADOR PARTNERS, LTD., | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, GENAN, INC., files this *Original Complaint* against Defendant, PESCADOR PARTNERS, LTD., and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff, GENAN, INC., ("Genan") is a foreign for-profit corporation, organized and existing under the laws of the State of Delaware, and is authorized to conduct business in the State of Texas.

2. Defendant, PESCADOR PARTNERS, LTD. ("Pescador"), is a limited partnership, organized and existing under the laws of the State of Texas. Pescador's principal place of business is in Fort Worth, Tarrant County, Texas and may be served with process by serving its registered agent for service and general partner: Harvey H Mueller II, 6467 Southwest Blvd., Fort Worth, Texas 76132.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 31 U.S.C. § 1332(a) because, as alleged herein, there is complete diversity of citizenship between the parties and the amount or value of the controversy exceeds $75,000.00.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in this judicial district and a substantial part of the property that is the subject of this action is situated in this judicial district.

### III. BACKGROUND

A. **Pescador's Retention Pond.**

5. Genan owns the land and industrial facility located at 18038 Beaumont Highway, Houston, Texas 77049. Situated on the southwest side of the property is a large shipping-container yard where containers are stacked and stored on a concrete panel foundation.

6. Pescador owns the tract located at 18230 Beaumont Highway, Houston, Texas 77049 neighboring Genan's property.

7. Pescador's property contains a retention pond that abuts Genan's property (the "Retention Pond"). The Retention Pond was built after the installation of Genan's container yard, and at all relevant times Pescador had complete and exclusive control over the Retention Pond.



8. Pescador uses the Retention Pond to impound and divert the natural flow of water across its property.

**B. Genan's Property Has Been Damaged by Overflow from Pescador's Retention Pond.**

9. However, the Retention Pond has sporadically overflowed, causing water to flow onto the southwest portion of Genan's property (highlighted below) and eroding the walls of the Retention Pond.



10. Now, Genan is experiencing drastic subgrade foundation issues, the magnitude and extent of which have yet to be fully determined. Due to the intermittent overflow from the Retention Pond, the soil underneath the container yard has become highly saturated, resulting in noticeable cracks, pockmarks, voids, and the separation between concrete and soil in several locations.

11. The intermittent overflow from the Retention Pond has created extreme safety risks for Genan, including: (i) impacting Genan's employees, who operate heavy equipment on cracking concrete; (ii) disturbing ongoing business operations by potentially forcing Genan to relocate containers positioned on structurally insecure concrete, and rendering portions of the container yard unusable; and (iii) potentially impacting the structural integrity of Genan's facility itself. Additionally, Genan also faces the expense of fixing the concrete and remediating the overly saturated soil under the slab.

12. As of the filing of this suit, Pescador has failed to repair, fix, or restore the Retention Pond, even though the condition causing the overflow is capable of fixing. Due to the magnitude of the damage incurred to date, and further damage to Genan's property that is being discovered on an ongoing basis, Genan's damages exceed $75,000.00. As a result, Genan is forced to file suit to seek redress from Pescador.

## IV. CAUSES OF ACTION

### COUNT ONE:
### VIOLATIONS OF TEXAS WATER CODE § 11.086

13. The previous paragraphs above are incorporated by reference as if set forth in full herein.

14. Pescador has violated TEXAS WATER CODE § 11.086 by engaging in acts that have caused the unlawful diversion or impoundment of the natural flow of surface water in a manner that has caused an overflow of water, damaging Genan's Property.

15. As a direct result of Pescador's violations, Genan has sustained damages in an amount exceeding the jurisdictional limits of this Court.

16. Under Texas Water Code § 11.086, Genan hereby requests actual damages against Pescador's violations of Texas law. Additionally, under the Texas Water Code § 11.086, Genan is entitled to exemplary damages.

## Count Two:
### Nuisance

17. The previous paragraphs above are incorporated by reference as if set forth in full herein.

18. Pescador's improper diversion and/or impoundment of water – which has subsequently caused overflows – has created a significant private nuisance for Genan.

19. Genan has an interest in the property that is being affected by the overflows.

20. Pescador has interfered with or invaded Genan's interest by conduct that was negligent, intentional, unreasonable, or abnormal and out of place in its surroundings. Additionally, Pescador's conduct was also subject to Texas Water Code § 11.086.

21. Pescador's conduct resulted in a condition that has substantially interfered with Genan's use and enjoyment of its property, and caused injury, damage, and economic loss to Genan.

## Count Three:
### Trespass to Real Property

22. The previous paragraphs above are incorporated by reference as if set forth in full herein.

23. Genan owns and has a lawful right to possess the land and industrial facility located at 18038 Beaumont Highway, Houston, Texas 77049.

24. Pescador has intruded upon, encroached, and severely damaged Genan's property by modifying the natural drainage of its property and failing to maintain the Retention Pond.

5

Pescador has caused and permitted the invasion of Genan's property by allowing overflowing water from the Retention Pond to enter Genan's property. This entry was physical, intentional, voluntary, and unauthorized by Genan.

25. As a result of Pescador's trespass, Genan has suffered significant damages to its property as stated above.

### COUNT FOUR:
### NEGLIGENCE

26. The previous paragraphs above are incorporated by reference as if set forth in full herein.

27. As an adjacent landowner, Pescador owes a duty of care to Genan not to divert or impound surface water in such a way as to cause it to overflow onto Genan's property. Pescador breached its duties by constructing the retention pond or allowing it to be constructed in such a way that fails to mitigate water runoff and has led to overflows to Genan's property. Additionally, Pescador has failed to modify the Retention Pond in such a way as to prevent future overflows, even though the condition is capable of fixing. Pescador's conduct constitutes negligence, and has proximately damaged Genan.

28. Pescador's negligence, errors, and omissions proximately caused Genan harm, and Genan seeks damages in excess of the minimum jurisdictional limits of this Court.

### V. ATTORNEYS' FEES, COSTS, AND INTEREST

29. Genan is entitled to recover its attorneys' fees and costs from Pescador pursuant to TEXAS WATER CODE § 11.0841.

30. Genan is entitled to recover pre-judgment and post-judgment interest at the highest legal rate pursuant to Texas law.

31. All conditions precedent to Genan to recover attorney's fees and costs have been discharged, satisfied or fully performed.

## VI. EXEMPLARY DAMAGES

32. Genan would show that Pescador's ongoing violations of Texas Water Code § 11.086 were grossly negligent as described above, and entitles Genan to exemplary damages.

33. Genan requests an award of exemplary damages against Pescador pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code.

## PRAYER

Plaintiff, GENAN, INC. prays that it may have judgment against Defendant, PESCADOR PARTNERS, LTD., as stated herein, for the following:

    a. All damages as pled above;

    b. Exemplary damages;

    c. Reasonable and necessary attorneys' fees and expenses;

    d. Costs of court;

    e. Prejudgment and post-judgment interest, and costs as allowed by law; and

    f. All other relief the Court deems appropriate.

Respectfully submitted,

By:   */s/ J. Michael Schiff*
J. MICHAEL SCHIFF
(attorney-in-charge)
State Bar No. 24075027
mschiff@andrewsmyers.com
Andrews Myers, P.C.
1885 St. James, 15th Floor
Houston, Texas 77056
713-850-4200 – Telephone
713-850-4211 – Facsimile

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

W. JASON WALKER
State Bar No. 00798568
Federal Bar No. 22686
jwalker@andrewsmyers.com
MANUEL P. SCHOENHUBER
State Bar No. 24107994
Federal Bar No.: 3290997
mschoenhuber@andrewsmyers.com
PATRICK A. KELLY
State Bar No. 24105273
Federal Bar No. 3479530
pkelly@andrewsmyers.com
Andrews Myers, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
Telephone:  713-850-4200
Facsimile:   713-850-4211