Case 4:21-cv-03583   Document 16   Filed on 03/24/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 24, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENAN, INC., | § § § § | |
| Plaintiff, | | |
| VS. | § § § § § § | CIVIL ACTION NO. 4:21-CV-03583 |
| PESCADOR PARTNERS, LTD, | | |
| Defendant. | | |

### MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Before the Court are the defendant's, Pescador Partners, LTD, motion to dismiss the plaintiff's Genan, Inc., suit pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6) and 8(a)(2) [DE 12], and the plaintiff's response [DE 13]. After a careful review of the defendant's motion, the plaintiff's pleadings and response, and the applicable law, the Court determines that the defendant's motion to dismiss should be denied.

**II.   FACTUAL BACKGROUND AND CONTENTIONS**

The plaintiff brings this suit against the defendant for alleged damage to his property and, in particular, concrete slabs on which the plaintiff stacks and stores metal shipping containers. The plaintiff operates an industrial facility and employs persons whose tasks include operating heavy equipment on and around the concrete foundation upon which the shipping containers are stored and/or stacked.

The defendant owns a tract of land that abuts the plaintiff's property, abutting in particular at the southwest and southeast corners of their respective properties. According to the plaintiff, its shipping container yard is located on the southwest side of its property and requires the use of heavy equipment to move the containers. At some point in time, after the plaintiff constructed its container yard, the defendant constructed a retention pond in the same general area that, the plaintiff alleges, "impound[s] and divert[s] the natural flow of water across the defendant's property," thereby causing damages to its concrete foundation.

## A

The plaintiff contends that the defendant has "complete and exclusive control over the retention pond. An aerial photograph shows that a ditch located on the defendant's property diverts water to the retention pond which the plaintiff asserts cause the pond to overflow from time to time. The overflow, according to the plaintiff, enters its property and flows around its concrete slab causing damage to the foundation where the containers are stacked and/or stored. As a result of the "intermittent overflow(s)" from the retention pond, the foundation(s) are structurally compromised, the containers are unstable, and its employees are at risk of injury when working in the area.

## B

The defendant seeks dismissal of the plaintiff's suit on the basis that: (a) the plaintiff has failed to assert a plausible claim for liability based on a diversion of surface water; (b) the plaintiff has not met its pleading obligations under FRCP, Rule 8(a)(2); and, (c) the

overflow waters do not qualify as "surface waters" as that term is interpreted by state courts or the statute.

### III.   DISCUSSION AND ANALYSIS

The plaintiff seeks statutory relief in this suit pursuant to Texas Water Code § 11.086(a), common law relief based on claims of nuisance, trespass to real property and negligence, and for equitable relief in the form of a permanent injunction. Section 11.086 provides that:

> No person may divert or impound the natural flow of surface waters in this state, or permit a diversion or impounding by him to continue, in a manner that damages the property of another by the overflow of the water diverted or impounded.

In order for the defendant to prevail on its motion to dismiss, it must establish that the plaintiff has failed to state a plausible claim for relief. Fed. R. Civ. P., Rule 12 (b)(6). See *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). However, a court must accept as true all well-pleaded facts and view the facts in the light most favorable to the nonmovant. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). It is noted that nothing in the case law, overrides FRCP 8(a)(2) that addresses the sufficiency and obligations of a plaintiff to plead specific facts to support its claim.

In the Court's view the plaintiff has asserted a cause of action under § 11.086 of the state Water Code. Specifically, the plaintiff states that the defendant diverts and impounds surface water in a man-made retention pond. Photographs show that the retention pond is fed by a ditch, that the plaintiff asserts was constructed by the defendant which diverts surface water into the retention pond.  The question raised by these pleadings is whether

the defendant is diverting and impounding surface waters that would not naturally flow into its man-made pond. The plaintiff's pleadings assert that the water that enters the retention pond follows a defined course that causes the overflow of surface water after it empties into and fills the pond.

A similar issue was addressed in *Golden Corral Corp. v. Noble Austin Apts., LLC.*, No. 03-19-00463-CV, 2021 WL 2878565 (Tex. App.—Austin July 9, 2021). In that case, Golden Corral constructed a restaurant, concrete parking lot, a rain garden and a man-made ditch that caused surface water to flow from the concrete parking lot into the rain garden until full, at which time the overflow exited the gardens through a "weir" and traveled along the property line to the public easement. However, during rainfalls in 2015, 2016 and 2017, two units in Austin's building flooded. The court held that there was legally sufficient evidence that the surface waters impounded in the rain gardens overflowed in a manner that damaged Austin's apartments. *Id*. at *4.

The Court is, therefore, of the opinion that the plaintiff's pleadings are sufficient to state a cause of action. Hence, the defendant's motion to dismiss is, hereby **Denied**.

It is so **ORDERED**.

SIGNED on March 24, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge